The Honorable B. L. DeBerry Engineer-Director State Department of Highways Public Transportation Austin, Texas 78701
Re: Whether the Department of Highways and Public Transportation can limit bidding to persons licensed to do business in Texas.
Dear Mr. DeBerry:
You have requested our opinion regarding the authority of the Texas Department of Highways and Public Transportation to restrict bidding on contracts for highway projects to persons licensed to do business in Texas. Competitive bidding is statutorily required for highway contracts and the Highway Department is not permitted to attach conditions which restrict the field of bidders beyond restrictions imposed by the Legislature. V.T.C.S. art. 6674h; Texas Highway Comm. v. Texas Assn. of Steel Importers, 372 S.W.2d 525 (Tex. 1963).
Article 8.01 of the Texas Business Corporation Act provides:
 No foreign corporation shall have the right to transact business in this State until it has procured a certificate of authority so to do from the Secretary of State.
Sec. A. The statute then, `[w]ithout excluding other activities,' lists thirteen acts which specifically do not constitute `transacting business.' Sec. B. Bidding on contracts is not among the listed activities. You ask, therefore, whether bidding should be deemed `transacting business' for purposes of article 8.01.
No Texas court has ever ruled directly on this question, but other jurisdictions have addressed the problem. In Hogan v. City of St. Louis, 75 S.W. 604, 605 (Mo. 1903), the Supreme Court of Missouri explained its rationale thus:
 Now, when our statutes say that a foreign corporation shall not `transact business' here until it establishes a public office in this state, where books are kept and process may be served, and until it pays its quasi incorporation tax, and takes out its license, do they mean that the corporation must do all those acts before it can lawfully enter into a contract to do any business here? Does our law mean that, when advertisements inviting bids on public or private works in this state are read by foreign corporations, they are to understand that they have not the right to bid and have their bids accepted unless they shall have already complied with the terms of our statute to enable them to transact business here? No; that is not the meaning of our statutes. No such policy of exclusion has ever been shown in any of our legislative acts. Foreign corporations have always been invited and encouraged to come. The obtaining of a desirable contract is sometimes an inducement for a foreign corporation to come into the state. It is not bound to establish itself here before it can obtain such a contract. Entering into a contract like the one in question undoubtedly is `transacting business,' within the unlimited meaning of the term, but that is not the sense in which the term is used in the statute just quoted. As there used, it means carrying on the work for which the corporation was organized, and, in its application to the facts of this case, it means performing the work called for by the contract.
See also Automotive Material Co. v. American Standard Metal Products Corp., 158 N.E. 698 (Ill. 1927); State v. American Book Co., 76 P. 411 (Kan. 1904).
On the basis of the rationale from other jurisdictions, it is our opinion that the Texas Supreme Court would probably hold that the mere bidding on a contract is not embraced within the meaning of `transacting business' in article 8.01 of the Texas Business Corporation Act. As a result, while the Department of Highways and Public Transportation may require reasonable qualifications relating to a bidder's responsibility, it may not, in our opinion, restrict bidding on contracts to persons licensed to do business in Texas.
 SUMMARY
We believe in a case of first impression in Texas, the Texas Supreme Court would probably hold that bidding on a contract is not included within the meaning of `transacting business' in article 8.01 of the Texas Business Corporation Act and thus, a state agency may not restrict bidding on contracts to persons licensed to do business in Texas.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee